UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT W. JOHNSON,

                                  Plaintiff,

              -against-

STATE OF NEW YORK, et al.,

                                  Defendants.

1:20-CV-1164 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, who appears *pro se*, asserts claims against numerous defendants. For the following reasons, the Court transfers this action to the United States District Courts for the Northern and Western Districts of New York.

**DISCUSSION**

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. § 1391(c)(1). And any other type of defendant resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(2). Where a state has more than one federal judicial district, a defendant that is a corporation generally "shall be deemed to reside in any district in that State

within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." § 1391(d).[1]

Plaintiff sues the State of New York, which is located within all the federal judicial districts within New York, including this judicial district. He also sues many individuals and other entities that are located in Erie County, New York. He further alleges that many of the events that are the basis for his claims occurred in Erie County. Erie County is located in the Western District of New York. *See* 28 U.S.C. § 112(d). In addition, he seems to allege that some of the events occurred in the Elmira, Wende, Greene, Upstate, Attica, Livingston, Southport, and Franklin Correctional Facilities, as well as the Willard Drug Treatment Campus. The Elmira, Wende, Attica, Livingston, and Southport Correctional Facilities, as well as the Willard Drug Treatment Campus are also located in the Western District of New York. *See id.* The Greene, Upstate, Auburn, and Franklin Correctional Facilities are located, however, in the Northern District of New York. *See id.* § 112(a). Thus, while this Court is a proper venue for this action under § 1391(b)(1), the United States District Courts for the Northern and Western Districts of New York are also proper venues for this action. *See* § 1391(b)(1), (2).

Under 28 U.S.C. § 1404(a), this Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426 (S.D.N.Y. 2013); *Cento v. Pearl Arts & Craft*

---

[1] In a state with multiple districts, if there is no such district, "the corporation shall be deemed to reside in the district within which it has the most significant contacts." § 1391(d).

*Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established."); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (noting that "[t]he broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under § 1404(a), transfer appears to be appropriate in this action. None of the underlying events occurred in this judicial district. Some of the events occurred in the Northern District of New York — those that occurred in the Greene, Upstate, Auburn, and Franklin Correctional Facilities. The other events occurred in the Western District of New York. Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer Plaintiff's claims that arise from events that occurred in the Greene, Upstate, Auburn, and Franklin Correctional Facilities to the United States District Court for the Northern District of New York,

and the remainder of Plaintiff's claims to the United States District Court for the Western District of New York. *See* 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer Plaintiff's claims that arise from events that occurred in the Greene, Upstate, Auburn, and Franklin Correctional Facilities to the United States District Court for the Northern District of New York, and the remainder of Plaintiff's claims to the United States District Court for the Western District of New York. *See* 28 U.S.C. § 1404(a).

The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee courts. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    March 16, 2020
          New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge